Scott, J.
The subject-matter of the controversy between these parties, in the court below, was certain goods and. chattels which were mortgaged on the 16th day of August, 1860, by one Henry Seaman, to the plaintiff, as trustee, for the benefit of the mortgagor’s wife. This chattel mortgage was filed in the proper office on the day of its date, and was subsequently refiled, with a proper statement of the mortgagee’s subsisting interest in the property, on the 29th day of July, 1861, at half-past eight o’clock a. m. On the 29th day of July, 1862, at nine o’clock a. m. (said mortgage not having been again refiled), the defendant, being a constable of the county, and having in his hands an execution duly issued by a justice of the peace upon a judgment recovered before *him by a creditor of the mortgagor, levied upon the mortgaged property for the satisfaction of said judgment. The plaintiff, thereupon, claiming said property as mortgagee, brought an action of replevin against the constable for the recovery thereof, and the foregoing facts being shown by the pleadings of the parties, the cause was submitted to the court without the intervention of a jury. The court found for the defendant, holding that, under the state of facts shown, the *192 plaintiff’s mortgage, at tbe time of the levy, had ceased to be operative, as against the creditors of the mortgagor.
By the reservation of the district court, into which the plaintiff took the case by petition in error, the question is presented to us, whether the court of common pleas erred in the construction given to the statute, by its findings upon the facts stated.
It is claimed by the plaintiff that the court erred:
, First: “ Because the statute requires no second renewal of a chattel mortgage.”
And, secondly: Because, if the statute be so construed as to require a second renewal, yet that the term of one year from the first refiling did not expire till the close of the 29th day of July, 1862.
The first four sections of the statute (S. & C. Stat. 475, 476), the proper construction of which is here drawn in question, read as follows:
“ Seo. 1. That every mortgage or conveyance, intended to operate as a mortgage of goods and chattels, hereafter made, which shall not be accompanied by any immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, shall be forthwith deposited as directed in the succeeding section of this act.
“ Seo. 2. The instruments mentioned in the preceding section shall be deposited with the clerk of the township in this state where the mortgagor therein, if a resident of this state, shall reside at the time of the execution thereof; and if not a resident, then with the clerk of the township where the property *so mortgaged shall be at the time of the execution of such instrument.
“ Sec. 3. Upon receipt of any such instrument, the clerk receiving it shall file the same and indorse thereon the time of receiving it, and shall deposit the same in his office, to be kept there for the inspection of all persons interested.
“ Sec. 4. Every mortgage so filed shall be void, as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of said term of one year a true copy of such mortgage, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid claimed by *193 virtue of such mortgage, shall be again filed in the office of the clerk of the township where the mortgagor shall then reside, if in this state; and if his residence shall not be in the state, then in the office of the clerk of the township in which such property shall then be.”
The general policy of this statute is quite apparent from the sections just quoted. The purpose in requiring the mortgage or a. copy of it to be filed in the office of the township clerk, can only have been to give notice of its existence and terms to creditors of the mortgagor, whose interests may be affected by it, and to all others who may subsequently acquire an interest in the property, as purchasers or mortgagees. As against these classes of persons dealing with the mortgagor in good faith, the mortgage is absolutely void until filed in the proper office. Such are the provisions of the 1st section. And, in. order to prevent fraud or deception against the same classes of persons, by means of leaving mortgages on file in the proper office, long after they have been wholly or partially satisfied by payments or other discharges of which the public would have no means of knowledge, the 4th section provides that, after the expiration of one year from the filing of the mortgage, it shall become void as against such persons, unless there shall be-again filed in the proper office, within thirty days next preceding the expiration of the year, a true copy of such mortgage, together with a statement exhibiting the interest of the ^mortgagee in the property at the time of such renewed filing, claimed by virtue of such mortgage. ' The effect of this section clearly is to render the mortgage valid for the term of one year only, under the original filing, as against the classes of persons specified, and to make-another filing, with a statement of the mortgagee’s interest then subsisting in the property, necessary to its continued vitality.
The notice given to the world by the original filing is declared effectual only for one year. Upon what principle of policy or reason should-the second notice be effective indefinitely? Or for a longer period than the first ? If the failure of the mortgagee to renew his claim, and give notice of its amount at the end of the first year, ought to raise a conclusive presumption in favor of creditors that the mortgage has been satisfied, one’ might suppose that such a presumption would be at least equally reasonable at the close of the second year, without a renewal of notice to the contrary. Looking, then, to the reason and policy of the enactment, we hava *194 mo doubt that the legisature intended to make successive refilings at intervals not exceeding one year, necessary to the continuance ■of the efficacy of the mortgage, as against creditors and subsequent bona fide purchasers. And this is the only construction which can :be given to the fourth section, if, by “ the filing ” there spoken of we understand not the first filing only, but any filing of it pursu.ant to the provisions of the statute. And we think it may fairly ¡and reasonably be so understood without doing violence to the language.
The statute under consideration is almost a literal copy of the New York statute on the same subject from which it is borrowed. Laws of New York, 1833, p. 402. And the Superior Court of New York city has construed that statute as requiring the filing of •copies every successive year. Nitchie v. Townsend, 2 Sandf. S. C. 299. It was held in that case that “ every copy thus filed is to be regarded as a new mortgage;” and, in so far as regards the necessity for refiling, we think it properly so held. We are not aware of any different construction having been given to the statute by .any of the courts of that state.
But it is claimed that this mortgage having been refiled on *th'e 29th day of July, 1861, at half-past eight o’clock a. m., ■one year from that time did not expire till the close of the 29th day of July, 1862. And this claim rests on the alleged grounds that the law does not regard fractions of a day in computations of time, and that the day of the filing is to be excluded from the reckoning in computing the year. In cases where fractions' of a ■day are to be disregarded, the general rule certainly is, that in computing time from an act done, the day on which it was performed is excluded from the reckoning. But this statute, as we think, requires that fractions of a day shall not be disregarded in computations of time running from the act of filing. The statute requires the township clerk to indorse on the instrument deposited with him “the time of receiving it.” The moment it is filed in the proper office it becomes effective, and will have priority over a •competing instrument of the same kind filed one minute afterward. 'The law will take notice of the exact time at which each is hied, ¡and therefore requires that time to be indorsed by oke cierx. And -.the time within which it must be again filed is “ one year from the filing thereof;” not from the day of filing, but from the time when the act of filing occurs. We are of opinion that the year begins to *195 run, not from the close of the day.on which the filing takes place, hut from the time of the act of filing, and is completed at the corresponding time in the year next following. The result is, that as the plaintiff’s mortgage was filed for the last time on the 29th day of July, 1861, at half-past eight o’clok a. m., it ceased to be operative, as against the creditors of the mortgagor, at half-past eight ■o’clock a. m. of the 29th day of July,' 1862, and can not, therefore, be set up to defeat the subsequent levy made by the defendant.
It follows, from what has been said, that the proper time for any ■of the successive filings of a mortgage depends wholly upon the time of the filing next preceding, and has no relation to the time ■of the original filing. And so it was held in the case of Nitchie v. Townsend, before referred to.

Judgment of common pleas affirmed.

Brinkerhoee, C. J., and Day, White and Welch, JJ., concurred.